

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

May 8, 2014

The Honorable Susan G. Braden
The United States Court of Federal Claims
Howard T. Markey National Courts Building
717 Madison Place, NW
Washington, DC 20439

    Re:   Preliminary Injunction in *Space Exploration Technologies Corp. v. United States*, No. 14-354C (Fed. Cl.)

Dear Judge Braden:

At your request, I am providing this opinion concerning the preliminary injunction the United States Court of Federal Claims issued in the above-captioned matter on April 30, 2014. I write to explain this office's views concerning the application of sanctions administered under Executive Order 13661 of March 16, 2014, to certain individuals and entities referenced in the Court's order.

I understand that, among other things, the preliminary injunction prohibits the United States Air Force and United Launch Services, LLC, a majority-owned subsidiary of United Launch Alliance, LLC, from making any purchases or payments of money to NPO Energomash. I understand that the Court issued the injunction based on, at least in part, the apparent relationship between NPO Energomash and Dmitry Rogozin, the Deputy Prime Minister of Russia. Specifically, Deputy Prime Minister Rogozin was listed in the Annex to Executive Order 13661 and appears on the "Specially Designated Nationals and Blocked Persons List," which is administered by the Office of Foreign Assets Control of the Department of the Treasury.

As the result of his listing in the Annex to Executive Order 13661, all property and interests of property of Deputy Prime Minister Rogozin "that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person (including any foreign branch) . . . are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." Exec. Order 13661, 79 Fed. Reg. 15,535 § 1(a) (Mar 19, 2014). In addition, Executive Order13661 further provides that, as a result of this action, United States persons are, among other things, prohibited from the "making of any contribution or provision of funds, goods, or services by, to, or for the benefit of" Deputy Prime Minister Rogozin, as well as receiving "any contribution or provision of funds, goods, or services from" him. *Id.* § 4(a)-(b).

I have reviewed the Court's written preliminary injunction. Based upon the sanctions imposed on Deputy Prime Minister Rogozin, I understand that the Court found that the Executive Order 13661 prohibitions may also apply to NPO Energomash, an entity that allegedly manufactures rocket engines at issue in the above-referenced case. Specifically, the Court noted that the complaint filed by the Plaintiff, Space Exploration Technology, Corp., suggests that Deputy Prime Minister Rogozin controls NPO Energomash. Because of this alleged control, the Court appears to be concerned that the prohibitions in Executive Order 13661 extend to NPO Energomash.

Please be advised that, in our view, control by Deputy Prime Minister Rogozin of NPO Energomash, if true, could be a potential basis for OFAC to block formally the property and interests in property of the company pursuant to Executive Order 13661, particularly under Section 1(a)(ii)(C) of the Order, which authorizes the blocking of property and interests in property of persons "owned or controlled" by a senior official of the Russian Federation Government or by a person whose property and interests in property are blocked under the order. *See* Exec. Order 13661, 79 Fed. Reg. 15,535 § 1(a)(ii)(C) (Mar 19, 2014). As we interpret it, however, Executive Order 13661 requires that the Department of the Treasury make an affirmative determination to trigger blocking under the "controlled by" provisions of the order. *See id.* (providing that the Secretary of the Treasury, in consultation with the Secretary of State, must make a determination to trigger the "owned or controlled by" prohibitions). As of today, no such determination has been made with respect to NPO Energomash, nor has OFAC made any determination that the property and interests in property of NPO Engergomash are otherwise blocked pursuant to Executive Order 13661. Therefore, to the best of our knowledge, purchases from and payments to NPO Energomash currently do not directly or indirectly contravene Executive Order 13661. We will inform you through the Department of Justice promptly should this situation change.

Thank you for providing us the chance to advise you on this matter.

Sincerely,

Bradley T. Smith
Chief Counsel (Foreign Assets Control)
Office of the General Counsel