**FORM 9**
**APPLICATION FOR ACCESS TO INFORMATION UNDER**
**PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

# United States Court of Federal Claims

|  |  |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP ) | |
| ) | No. 1:14-cv-00354-SGB |
| Plaintiff, ) | |
| ) | Judge  Braden |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

1. I, David W. Gerbus_____, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.
2. a. I [outside counsel only] am an attorney with the law firm of _____ and have been retained to represent _____, a party to this proceeding.
   b. I [inside counsel] am in-house counsel (my title is: Assistant General Counsel) for United Launch Services, LLC, a party to this proceeding.
3. I am [ ] am not [x] a member of the bar of the United States Court of Federal Claims (the court).
4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.
5. I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:
6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the

207

proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.
None.

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:
None.

8. I [inside counsel] have attached a detailed narrative providing the following information:
   a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;
   b. the person(s) to whom I report and their position(s) and responsibilities;
   c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters.
   d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and
   e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

\* \* \*

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____    May 19, 2014
Signature                          Date Executed
David W. Gerbus, Assistant General Counsel
Typed Name and Title
(303) 269-5249 [Phone] - Please fax protected material to Attorney of Record.
Telephone & Facsimile Numbers
david.w.gerbus@ulalaunch.com
E-mail Address

_____    May 20, 2014
Signature of Attorney of Record    Date Executed
Michael F. Mason, Partner, Hogan Lovells US LLP
Typed Name and Title
(202) 637-5499 [Phone]; (202) 637-5910 [Fax]
Telephone & Facsimile Numbers
mike.mason@hoganlovells.com
E-mail Address

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| SPACE EXPLORATION COMPANY TECHNOLOGIES CORP., ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant, ) ) and ) ) UNITED LAUNCH SERVICES, LLC, ) ) Defendant-Intervenor. ) | Case No. 1:14-cv-00354-SGB Judge Susan G. Braden |

### DETAILED NARRATIVE IN SUPPORT OF APPLICATION OF
### DAVID W. GERBUS FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER

I, David W. Gerbus, make the following statements and representations in support of the request that I be granted access to protected material that may be filed or produced in connection with the above-captioned protest.

**(a) My position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;**

I am Assistant General Counsel for United Launch Alliance, LLC ("ULA"), a corporate parent of United Launch Services ("ULS"), LLC, a party to this protest. As a member of the ULA Law Department I provide legal advice to ULA and its constituent business units regarding human resources, employee benefits, employment law, ethics, and labor relations. I primarily advise ULA's Vice President of Human Resources. I also oversee all of ULA's civil litigation

1

and dispute resolution. These dispute-related duties include the selection, management and oversight of outside counsel. I do not provide any advice to ULA, ULS, or any other ULA affiliate (or any other party) in regard to procurement activities. I have never been involved in any phase of the proposal process for government contracts or other contracts. I do not provide advice or participate in decisions regarding ULA pricing, product design or research, or product marketing made in light of similar corresponding information about a competitor. I do not participate in or advise on business capture activities, and provide advice and representation only in the resolution of disputes, as well as employment and labor legal matters. As explained below, other ULA counsel provide dedicated legal advice in relation to competitive decision making.

As counsel for ULA, I have been admitted to one protective order, issued by the U.S. District Court for the Eastern District of Virginia in the matter of *Orbital Sciences Corp. v. United Launch Alliance, LLC*, No. 1:13-cv-00753-LMB-JFA, issued on January 3, 2014. Prior to my employment at ULA, I engaged in the private practice of law in Colorado and Ohio for over two decades. During that time, I was admitted to well over 100 protective orders issued by federal and state courts, usually under the provisions of Rule 26(c) of the Federal Rules of Civil Procedure or similar state court rules.

**(b)        The person(s) to whom I report, and their position(s) and responsibilities.**

As Assistant General Counsel for ULA, I report directly to Kevin MacCary, Vice President, Office of Internal Governance, and General Counsel, who oversees all legal matters for ULA as well as ethics and compliance matters. Mr. MacCary reports directly to Michael C. Gass, President and Chief Executive Officer, ULA. I do not report to any ULA operational

2

managers. My relationship to such managers is only as legal advisor regarding HR, employment, labor, and litigation matters.

**(c)    The number of in-house counsel at the office in which I work, and their involvement, if any, in competitive decision making and in providing advice in procurement related matters.**

Including myself and Mr. MacCary, five (5) in-house counsel for ULA have separate offices located on the Fourth Floor of the Galileo Building in Centennial, Colorado. All of those counsel, except for myself, have varying degrees of involvement in competitive decision making or providing advice in procurement related matters to the company. Because of my office's physical proximity to those involved in competitive decision making, I will only receive and view protected material at my private residence or at the Washington D.C. offices of Hogan Lovells US LLP under the supervision of outside counsel admitted to the protective order.

**(d)    My relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure).**

The nearest persons to me involved in competitive decision making (both in terms of physical proximity and corporate structure) are ULA's General Counsel and three other Assistant General Counsel, who occupy adjacent but separate offices on the Fourth Floor of the Galileo Building in Centennial, Colorado. I do not have an assistant, nor do I share an assistant with any adjacent counsel. The Fourth Floor also houses the Corporate Suite for ULA, where the Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer maintain offices.

**(e)    Measures taken to isolate me from competitive decision-making and to protect against the inadvertent disclosure of protected material to persons not admitted under the protective order.**

ULA's General Counsel has defined my duties and responsibilities in a manner that, by design, insulates me from competitive decision making. Moreover, any information which is obtained by me in the course of the above-captioned matter will be held in my sole care, custody

3

and control. Counsel of Record will send one copy of protected documents to my residence by overnight delivery. Documents should be addressed to:

> David W. Gerbus
> 12420 West Fair Drive
> Littleton, CO 80127

Protected material will be contained in a sealed interior envelope bearing the following legend:

> PROTECTED INFORMATION ENCLOSED
> TO BE DISCLOSED ONLY IN ACCORDANCE WITH
> U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER
> TO BE OPENED ONLY BY DAVID W. GERBUS

The only places that I will review protected material are (a) my home in Littleton, Colorado, or (b) the Washington, DC offices of Hogan Lovells US LLP under the supervision of the outside counsel admitted to the Court's protective order. I will not review, store, or possess protected material at my ULA office or any other ULA or ULA affiliate facility. I will not receive or transmit any protected material on a ULA facsimile machine or by means of a ULA network, ULA e-mail, or the network or e-mail of any ULA affiliates.

No one in my household is employed by ULA, any ULA affiliate, or any other entity that might gain a competitive advantage from access to the material disclosed under the protective order in this protest. At the conclusion of this protest, I will return protected material sent to my home to the Hogan Lovells attorneys admitted to the protective order, or at the direction of those attorneys destroy those documents in accordance with the protective order.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_David W Gerbus_  _May 19, 2014_
Signature                                                                                     Date Executed

David W. Gerbus

4