CLOSED,ECF,PROTO

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00538-VJW

| | |
|---|---|
| L-3 COMMUNICATIONS CORP. v. USA | Date Filed: 08/10/2010 |
| Assigned to: Judge Victor J. Wolski | Date Terminated: 04/18/2011 |
| Cause: 28:1491 Tucker Act | Jury Demand: None |
| | Nature of Suit: 138 Contract - (Pre Award) Injunctions |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**L-3 COMMUNICATIONS CORP.**    represented by    **Michael A. Hordell**
Pepper Hamilton LLP
600 Fourteenth Street, N.W.
Hamilton Square
Washington, DC 20005
(202) 220-1232
Fax: (202) 220-1665
Email: hordellm@pepperlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**USA**    represented by    **John Hunter Bennett**
U. S. Department of Justice - Civil Division
Post Office Box 480
Ben Franklin Station
Washington, DC 20044
(202) 616-2279
Fax: (202) 307-0972
Email: j.hunter.bennett@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**LOCKHEED MARTIN CORPORATION**    represented by    **Thomas Christopher Papson**
McKenna Long & Aldridge (DC)
1900 K Street, NW
Suite 100

Washington, DC 20006  
(202) 496-7639  
Fax: (202) 496-7290  
Email: tpapson@mckennalong.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2010 | 1 | COMPLAINT against USA (AF) (Filing fee $350, Receipt number 071267) (Five copies served on Department of Justice), filed by L-3 COMMUNICATIONS CORP..**Answer due by 10/12/2010.** (Attachments: # 1 Civil Cover Sheet)(jt1) (Entered: 08/10/2010) |
| 08/10/2010 | 2 | MOTION for Leave to File Under Seal, filed by L-3 COMMUNICATIONS CORP.**Response due by 8/27/2010.**(jt1) (Entered: 08/10/2010) |
| 08/10/2010 | 3 | MOTION for Preliminary Injunction, filed by L-3 COMMUNICATIONS CORP.**Response due by 8/27/2010.**(jt1) (Entered: 08/10/2010) |
| 08/10/2010 | 4 | **SEALED**MEMORANDUM re: 3 Motion for Preliminary Injunction, filed by L-3 COMMUNICATIONS CORP. (jt1) (Entered: 08/10/2010) |
| 08/10/2010 | 5 | **SEALED**PROPOSED REDACTED DOCUMENT, filed by L-3 COMMUNICATIONS CORP. Redaction of 4 Memorandum FILED UNDER SEAL. (jt1) (Entered: 08/10/2010) |
| 08/10/2010 | 6 | MOTION for Protective Order, filed by L-3 COMMUNICATIONS CORP.**Response due by 8/27/2010.**(jt1) (Entered: 08/10/2010) |
| 08/10/2010 | 7 | Rule 7.1 Disclosure Statement, filed by L-3 COMMUNICATIONS CORP. (jt1) (Entered: 08/10/2010) |
| 08/10/2010 | 8 | NOTICE of Assignment to Judge Victor J. Wolski. (jt1) (Entered: 08/10/2010) |
| 08/10/2010 | 9 | NOTICE of Designation of Electronic Case. (jt1) (Entered: 08/10/2010) |
| 08/11/2010 | 10 | NOTICE of Appearance by John Hunter Bennett for USA. (Bennett, John) (Entered: 08/11/2010) |
| 08/11/2010 |  | Minute Entry for proceeding held in Washington, D.C. on 8/11/2010 before Judge Victor J. Wolski: Telephonic Status Conference. [Total number of days of proceeding: 1]. Proceeding was not officially recorded. (jp) (Entered: 08/11/2010) |
| 08/11/2010 | 11 | ORDER granting 6 Motion for Protective Order which shall be issued separately. Parties shall submit a joint status report on or before August 17, 2010, containing a proposed schedule of proceedings. Signed by Judge Victor J. Wolski. (jp) (Entered: 08/11/2010) |
| 08/12/2010 | 12 | PROTECTIVE ORDER: Parties shall comply with the terms and conditions of this Protective Order. Signed by Judge Victor J. Wolski. (jp) (Entered: 08/12/2010) |
|  |  |  |

| | | |
|---|---|---|
| 08/17/2010 | 13 | JOINT STATUS REPORT, filed by L-3 COMMUNICATIONS CORP., USA. (Bennett, John) (Entered: 08/17/2010) |
| 08/19/2010 | 14 | MOTION to Intervene, filed by LOCKHEED MARTIN CORPORATION.**Response due by 9/7/2010.**(Papson, Thomas) (Entered: 08/19/2010) |
| 08/19/2010 | 15 | Rule 7.1 Disclosure Statement, filed by LOCKHEED MARTIN CORPORATION. (Papson, Thomas) (Entered: 08/19/2010) |
| 08/19/2010 | 16 | NOTICE, filed by LOCKHEED MARTIN CORPORATION re 14 MOTION to Intervene *Corrected Copy* (Papson, Thomas) (Entered: 08/19/2010) |
| 08/19/2010 | 17 | APPLICATION for Access to Protected Material by Michael A. Hordell, filed by L-3 COMMUNICATIONS CORP..(Hordell, Michael) (Entered: 08/19/2010) |
| 08/19/2010 | 18 | APPLICATION for Access to Protected Material by Michael R. Golden, filed by L-3 COMMUNICATIONS CORP..(Hordell, Michael) (Entered: 08/19/2010) |
| 08/19/2010 | 19 | APPLICATION for Access to Protected Material by Stanley R. Soya, filed by L-3 COMMUNICATIONS CORP..(Hordell, Michael) (Entered: 08/19/2010) |
| 08/19/2010 | 20 | APPLICATION for Access to Protected Material by Heather Kilgore Weiner, filed by L-3 COMMUNICATIONS CORP..(Hordell, Michael) (Entered: 08/19/2010) |
| 08/24/2010 | 21 | NOTICE, filed by LOCKHEED MARTIN CORPORATION *re Applications for Access to Information Under Protective Order* (Attachments: # 1 Application for Access to Protected Material by Thomas C. Papson, # 2 Application for Access to Protected Material by Allen B. Green, # 3 Application for Access to Protected Material by Steffen G. Jacobsen, # 4 Application for Access to Protected Material by Bucky P. Mansuy)(Papson, Thomas) (Entered: 08/24/2010) |
| 08/30/2010 | 22 | MOTION to Expedite *Consideration of Motion to Intervene (14)*, filed by LOCKHEED MARTIN CORPORATION.**Response due by 9/16/2010.** (Papson, Thomas) (Entered: 08/30/2010) |
| 08/31/2010 | 23 | RESPONSE to 22 MOTION to Expedite *Consideration of Motion to Intervene (14)*, 14 MOTION to Intervene, filed by L-3 COMMUNICATIONS CORP..**Reply due by 9/10/2010.** (Hordell, Michael) (Entered: 08/31/2010) |
| 08/31/2010 | 24 | ORDER granting 14 Motion to Intervene; and granting 22 Motion to Expedite. Signed by Judge Victor J. Wolski. (jp) (Entered: 08/31/2010) |
| 09/01/2010 | 25 | REDACTED DOCUMENT, filed by L-3 COMMUNICATIONS CORP. redacting 4 Memorandum *FINAL REDACTED VERSION*. (Hordell, Michael) (Entered: 09/01/2010) |
| 09/07/2010 | 26 | **SEALED**ADMINISTRATIVE RECORD, filed by USA. (Attachments: # 1 Exhibit Tabs 1-15, # 2 Exhibit Tabs 16-21, # 3 Exhibit Tabs 22-25)(Bennett, John) (Entered: 09/07/2010) |

| | | |
|---|---|---|
| 09/07/2010 | 27 | **SEALED**ADMINISTRATIVE RECORD, filed by USA. (Attachments: # 1 Exhibit Tabs 1-16, # 2 Exhibit Tabs 17-25)(Bennett, John) (Entered: 09/07/2010) |
| 09/07/2010 | 28 | NOTICE, filed by USA *Defendant's Notice of Filing Administrative Record* (Bennett, John) (Entered: 09/07/2010) |
| 09/27/2010 | 29 | **SEALED**Consent MOTION to Amend/Correct *Administrative Record*, filed by USA.**Response due by 10/14/2010.** (Attachments: # 1 Exhibit Tabs 26-40, # 2 Supplement Index to Amended Administrative Record)(Bennett, John) (Entered: 09/27/2010) |
| 09/28/2010 | 30 | Consent MOTION for Leave to Exceed Page Limit of memorandum in support of motion for judgment by 15 pages, filed by LOCKHEED MARTIN CORPORATION.**Response due by 10/15/2010.**(Papson, Thomas) (Entered: 09/28/2010) |
| 09/28/2010 | 31 | **SEALED** MOTION for Judgment on the Administrative Record, filed by L-3 COMMUNICATIONS CORP..**Response due by 10/29/2010.** (Attachments: # 1 Exhibit 1)(Hordell, Michael) (Entered: 09/28/2010) |
| 09/28/2010 | 32 | **SEALED** MOTION to Supplement the Administrative Record, filed by L-3 COMMUNICATIONS CORP..**Response due by 10/15/2010.** (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Hordell, Michael) (Entered: 09/28/2010) |
| 09/28/2010 | 33 | **SEALED** MOTION for Judgment on the Administrative Record, filed by LOCKHEED MARTIN CORPORATION.**Response due by 10/29/2010.** (Attachments: # 1 Exhibit Exhibits A and B)(Papson, Thomas) (Entered: 09/28/2010) |
| 09/28/2010 | 34 | Unopposed MOTION for Leave to Exceed Page Limit of Motion for Judgment Upon The Administrative Record by 17 pages, filed by USA.**Response due by 10/15/2010.**(Bennett, John) (Entered: 09/28/2010) |
| 09/28/2010 | 35 | **SEALED** MOTION for Judgment on the Administrative Record, filed by USA.**Response due by 10/29/2010.** (Attachments: # 1 Exhibit Exhibit 1)(Bennett, John) (Entered: 09/28/2010) |
| 09/29/2010 | 36 | ORDER granting 29 Motion to Amend/Correct; granting 30 Motion for Leave to File Excess Pages; granting 34 Motion for Leave to File Excess Pages Signed by Judge Victor J. Wolski. (jp) (Entered: 09/29/2010) |
| 10/06/2010 | 37 | SCHEDULING ORDER: Parties shall file their respective oppositions/replies to motions for judgment on the administrative record on or before Tuesday, October 12, 2010. The Court will hear argument upon the motions for judgment on Tuesday, October 19, 2010 at 10:00 AM at the Howard T. Markey National Courts Building, 717 Madison Pl., N.W., Washington, D.C. Signed by Judge Victor J. Wolski. (jp) (Entered: 10/06/2010) |
| 10/12/2010 | 38 | **SEALED**RESPONSE to 31 MOTION for Judgment on the Administrative Record, filed by LOCKHEED MARTIN CORPORATION.**Reply due by 10/29/2010.**(Papson, Thomas) (Entered: 10/12/2010) |
| | | |

| | | |
|---|---|---|
| 10/12/2010 | 39 | **SEALED**RESPONSE to 35 MOTION for Judgment on the Administrative Record, 33 MOTION for Judgment on the Administrative Record, filed by L-3 COMMUNICATIONS CORP..**Reply due by 10/22/2010.**(Hordell, Michael) (Entered: 10/12/2010) |
| 10/12/2010 | 40 | **SEALED**REPLY to Response to Motion re 35 MOTION for Judgment on the Administrative Record, filed by USA.(Bennett, John) (Entered: 10/12/2010) |
| 10/15/2010 | 41 | REDACTED VERSION - Motion for Judgment on the Administrative Record filed by LOCKHEED MARTIN CORPORATION .(Papson, Thomas) Modified on 10/15/2010 to correct docket text(jt1). Modified on 10/18/2010 to remove to make document PUBLIC (hw1, ). (Entered: 10/15/2010) |
| 10/15/2010 | 42 | REDACTED DOCUMENT, filed by L-3 COMMUNICATIONS CORP. *Motion for Judgment on the Administrative Record*. (Hordell, Michael) (Entered: 10/15/2010) |
| 10/15/2010 | 43 | PROPOSED REDACTED DOCUMENT, filed by USA. *Proposed Redacted Motion For Judgment Upon The Administrative Record* (Bennett, John) (Entered: 10/15/2010) |
| 10/18/2010 | 44 | ORDER granting 32 Motion to Supplement the Administrative Record. Plaintiff's motion is GRANTED and the Collings declaration shall be added to the Court's record for the purpose of determining whether injunctive relief may be justified. Signed by Judge Victor J. Wolski. (jp) (lld). (Entered: 10/18/2010) |
| 10/19/2010 | | Minute Entry for proceeding held in Washington, D.C. on 10/19/2010 before Judge Victor J. Wolski: Oral Argument. [Total number of days of proceeding: 1]. Official record of proceeding taken by court reporter. (Click HERE for link to Court of Federal Claims web site forms page for information on ordering: certified transcript from reporter or certified transcript of proceeding from official digital recording.)(jp) (Entered: 10/19/2010) |
| 11/02/2010 | 45 | Unopposed MOTION Remove Incorrectly Redacted Document from the Public Docket re 43 Proposed Redacted Document, filed by USA.**Response due by 11/19/2010.**(Bennett, John) (Entered: 11/02/2010) |
| 11/03/2010 | 46 | REDACTED DOCUMENT, filed by LOCKHEED MARTIN CORPORATION *REPLY TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD*. (Papson, Thomas) (Entered: 11/03/2010) |
| 11/03/2010 | 47 | ORDER granting 45 Motion to remove incorrectly redacted document. The Clerk's Office is directed to remove from the public docket the document currently assigned docket number 43. Signed by Judge Victor J. Wolski. (jp) (Entered: 11/03/2010) |
| 11/04/2010 | 48 | REDACTED DOCUMENT, filed by USA redacting 35 MOTION for Judgment on the Administrative Record. (Bennett, John) (Entered: 11/04/2010) |
| 11/04/2010 | 49 | REDACTED DOCUMENT, filed by USA redacting 40 Reply to Response to Motion. (Bennett, John) (Entered: 11/04/2010) |
| 11/04/2010 | 50 | REDACTED DOCUMENT, filed by L-3 COMMUNICATIONS CORP. redacting 39 Response to Motion. (Hordell, Michael) (Entered: 11/04/2010) |

| 11/18/2010 | 51 | Notice Of Filing Of Certified Transcript for proceedings held on October 19, 2010 in Washington, DC. (dw1) (Entered: 11/18/2010) |
|---|---|---|
| 11/18/2010 | 52 | *SEALED* TRANSCRIPT of Proceedings (pages 1-172) held on October 19, 2010 before Judge Victor J. Wolski. Procedures Re: Electronic Transcripts and Redactions. For copy, contact Heritage Court Reporting, (202) 628-4888. Forms to Request Transcripts. (dw1) (Entered: 11/18/2010) |
| 02/22/2011 | 53 | NOTICE, filed by USA (Bennett, John) (Entered: 02/22/2011) |
| 02/24/2011 | 54 | NOTICE, filed by L-3 COMMUNICATIONS CORP. re 53 Notice (Other) (Hordell, Michael) (Entered: 02/24/2011) |
| 04/15/2011 | 55 | **SEALED** Sealed Opinion and Order denying 31 Motion for Judgment on the Administrative Record; granting 33 Motion for Judgment on the Administrative Record; granting 35 Motion for Judgment on the Administrative Record. The Clerk is directed to enter judgment. Signed by Judge Victor J. Wolski. (sk1) (Entered: 04/15/2011) |
| 04/18/2011 | 56 | JUDGMENT entered pursuant to Rule 58, that judgment is in favor of defendant and intervenor. (lld) (Entered: 04/18/2011) |
| 04/25/2011 | 57 | **SEALED**PROPOSED REDACTED DOCUMENT, filed by LOCKHEED MARTIN CORPORATION, USA. *(Defendant and Defendant-Intervenor's Unopposed Proposed Redacted Version of the Court's Opinion)* FILED UNDER SEAL. (Bennett, John) (Entered: 04/25/2011) |
| 05/20/2011 | 58 | PUBLISHED OPINION. Issuance of redacted version of opinion previously filed under seal. Signed by Judge Victor J. Wolski. (my) Copy to parties. (Entered: 05/20/2011) |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| L-3 COMMUNICATIONS CORP., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES, | ) ) | No. 10-538C |
| Defendant, | ) ) | (Judge Wolski) |
| and | ) ) | |
| LOCKHEED MARTIN CORPORATION, | ) ) | |
| Applicant for Intervention. | ) ) ) | |

**APPLICATION FOR ACCESS TO INFORMATION**
**UNDER PROTECTIVE ORDER BY INSIDE COUNSEL**

1. I, Bucky P. Mansuy, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I am in-house counsel for Lockheed Martin Corporation ("Lockheed Martin"), a party to this proceeding. My title is Assistant General Counsel.

3. I am not a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. N/A (applies only to Outside Counsel).

- 2 -

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order:

None.

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:

None.

8. I have attached a detailed narrative providing the following information:
    a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;
    b. the person(s) to whom I report and their position(s) and responsibilities;
    c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters..
    d. my relationship to the nearest person involved in competitive decision making(both in terms of physical proximity and corporate structure); and
    e. measures taken to isolate me from competitive decision making and to protect against he inadvertent disclosure of protected information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

- 2 -

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

/s/  Bucky P. Mansuy  
Signature

August 24, 2010  
Date Executed

Bucky P. Mansuy  
Typed Name and Title

(610) 354-1609  
Telephone Number

(610) 354-7123  
Fax Number


/s/  Thomas C. Papson  
Signature of Attorney of Record

August 24, 2010  
Date Executed

Thomas C. Papson  
Typed Name and Title

(202) 496-7639  
Telephone Number

(202) 496-7290  
Fax Number

- 3 -

## PARAGRAPH 8 ATTACHMENT

8.  I have attached a detailed narrative providing the following information:

   **a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;**

I am an assistant general counsel on the corporate legal staff of Lockheed Martin Corporation ("Lockheed Martin"), working in litigation and compliance. Although the corporate headquarters are in Bethesda, Maryland, I maintain my office in Valley Forge, Pennsylvania. I am not affiliated with any particular business segment of Lockheed Martin.

My responsibilities involve all types of litigation and dispute resolution. The largest part of my practice is responding to subpoenas and other government requests for information, internal investigations, defense of claims under the Civil False Claims Act, resolution of government contract claims, and counseling on compliance with protecting privacy. My role in procurement-related matters generally is limited to advising on compliance with the Truth in Negotiations Act and procurement integrity matters.

Occasionally, I participate in the adjudication of GAO protests and contests at the FAA Office of Dispute Resolution for Acquisition ("ODRA") in which Lockheed Martin is an interested party. I have been admitted to over 40 protective orders in such matters, including proceedings at GAO, the Court of Federal Claims, and ODRA. My prior admissions, and the month and year of these admissions, were in the following matters:

- Hughes Missile Systems, B-272418 (GAO, July 1996);

- Honeywell, Inc., B-278590 (GAO, November 1997);

- Washington Consulting Group, Inc., No. 97-ODR-0059 (ODRA, February, 1998);

- Keane Federal Systems, Inc., B-280595 (GAO, August, 1998);

- L-3 Communications Corp., B-281784 (GAO, January 1999);

- ManTech Telecommunications & Information Systems Corp., B-285826 (GAO, August 2000);

- ITT Industries, Gilfillan Division, Raytheon Co., B-285869; B-285869.2 (GAO, August, 2000);

- Lockheed Martin Naval Electronics & Surveillance Systems — Archbald, B-287433 (GAO, August 2001):

- ARINC, Inc., No. 01-ODR-00191 (ODRA, June 2001);

- Man Tech Telecommunications & Information Systems Corp., v. United States, No. 02-57C (Court of Federal Claims, February 2001);

- Bath Iron Works Corp., B-290470 (GAO, May 2002);

- Northrop Grumman Technical Services, Inc.; Raytheon Technical Services, B-291506; 8-291506.2 (GAO, October 2002);

- Lockheed Martin Technology Services, Inc., B-291694 (GAO, December 2002);

- Lockheed Martin Information Systems, B-292836.1 to .12 (GAO, September 2003);

- Science Applications International Corp., B-293601; B-293601.5 (GAO, March 2004);

- Agency Tender Official James H. Washington and Kate Breen, as Agent for a Majority of Directly Affected FAA Employees, No. 05-ODRA-00342C; No. 05-ODRA-00343C (ODRA, March 2005);

- Protest of Cherry Road Technologies; Electronic Data Systems Corporation, B-296915; B-296915.2; B-296915.3 (GAO, July 2005);

- Protest of Electronic Data Systems Corporation, B-297448 (GAO, October 2005);

- Sensis Corp. v. United States, No. 06-603C (U.S. Court of Federal Claims, August 2006);

- Protest of Northrop Grumman Systems Corp., B-298954 (GAO, October 2006);

- Protest of Sikorsky Aircraft Corporation, Lockheed Martin Systems Integration-Owego, B-299145 (GAO, November 2006);

- Protest of IBM Global Business Services, B-311285 (GAO, May 2008);

- Protest of Lockheed Martin MS2 Tactical Systems, B-400135 (GAO, May 2008);

- Protest of Ultra Electronics Ocean Systems, Inc., B-400219 (GAO, June 2008);

- Protest of Accenture National Security Services, LLC, B-400365 (GAO, July 2008);

- Protest of Hanford Mission Support Company, LLC, B-400609.1; B-400609.2 (GAO, September 2008);

- ii -

- Protest of Raytheon Company – Integrated Defense Systems, B-400610, B-400618, B-400619 (GAO, October 2008);

- Protest of Convergys Corporation, B-400744 (GAO, November 2008);

- Protests of Northrop Grumman Space & Mission Systems Corporation; Textron Marine & Land Systems, B-400837 (GAO, December 2008); and

- Protest of L-3 Services, Inc.; Lockheed Martin Integrated Systems, Inc; Northrop Grumman Technology, Inc., B-400134.5, .6, .7, .8, .9 (GAO, December 2008)

- Protest of Boeing Satellite Systems, Inc., B-40935 (GAO, December 2008)

- Protest of L-3 Communications-Integrated Systems, B-401164, B-401164.2 (GAO March 2009)

- Protest of USfalcon, Inc., B-401076.3 (GAO June 2009)

- Protest of Northrop Grumman Space & Mission Systems Corporation, B-401076.4 (GAO June 2009)

- Protest of Lear Siegler Services, Inc., B-401076.5 (GAO June 2009)

- Protest of ARINC Engineering Services, LLC, B-401076.9 (GAO July 2009)

- Protest of VSE Corporation, B-401076.7 (GAO July 2009)

- Protest of DRS Technical Services, Inc. B-401076.9 (GAO July 2009)

- Protest of L-3 Communications-Integrated Systems, B-401164.4 (GAO August 2009)

- Protest of Lockheed Martin Integrated Systems, Inc., B-401881 (GAO September 2009)

- Protest of Lockheed Martin Simulation, Training & Support, B-402327 (GAO December 2009)

- Protest of ITT Corporation Advanced Engineering & Services, B-402430 (GAO January 2010)

- Protest of Lockheed Martin Integrated Systems, Inc., B-402771, (GAO April 2010)

- Protest of Lockheed Martin Information Systems & Global Solutions, B-403169 (GAO July 2010)

- iii -

My responsibilities do not include advice or participation in decisions on what competitive procurements to pursue. I have never been involved in any phase of the proposal process for government contracts or other contracts. I do not provide advice or participate in decisions regarding Lockheed Martin pricing, product design or research, or product marketing made in light of similar corresponding information about a competitor. I am not involved in competitive decision-making as discussed in US. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984). I have had no prior involvement with the procurement that is the subject of this protest, such as review of the RFP or discussions with relevant competitive decision makers regarding the solicitation or the content of proposals.

  b.   the person(s) to whom I report and their position(s) and responsibilities;

I do not report to any operational managers of Lockheed Martin. Since 1993 I have reported to the Vice President and Associate General Counsel for Litigation and Compliance, a position that is in the Corporate Legal Department which reports to the Senior Vice President and General Counsel. The current occupant of this position is Neal J. Murray. Although we are both functionally part of the Corporate Legal Staff and the corporate headquarters are in Bethesda, MD, Mr. Murray's principal office is in Cherry Hill, NJ. Mr. Murray's responsibilities are similar to mine. He is also responsible for monitoring all corporate litigation and investigations and reporting on such matters to his superiors.

  c.   the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;

Notwithstanding that since 1993 I have been functionally part of an office in Montgomery County, Maryland, I have maintained my residence in Montgomery County, PA. My office is in Valley Forge, PA where I am a tenant in a suite used by legal operations that service Lockheed Martin Information Systems and Global Solutions ("IS&GS"), a business area of Lockheed Martin Corporation not involved in this protest. I am not part of the IS&GS legal operation. In the suite, there are offices occupied by two other attorneys. One of those attorneys works for IS&GS. I do not know his job assignments, which may include work on procurement related activities. He does not service the business involved in this protest, nor had any involvement in the preparation of this bid. The other attorney is an environmental attorney for the Lockheed Martin Electronic Systems Business Area (the business area of Lockheed Martin that includes Global Training & Logistics, the line of business involved in this protest) and also had no involvement in the preparation of this bid. I use a fully enclosed, private office. I do not share secretarial services with the other attorneys in the suite and my in-office conversations are completely private. These attorneys and I do not report to the same supervisors. Our reporting chains do not intersect until they reach the Lockheed Martin Corporation Senior Vice President and General Counsel, who is at least two levels above all the attorneys in the suite.

  d.   my relationship to the nearest person involved in competitive decision making(both in terms of physical proximity and corporate structure);

There is no one located in Valley Forge, PA with whom I have a reporting relationship that is involved in competitive decision-making. The building in which my office is

- iv -

located is a facility of IS&GS and there are certainly people in the building, as well as in my office suite, who may be involved in competitive decision-making for IS&GS. As previously indicated, I am not affiliated with IS&GS. The closest person in Lockheed Martin's corporate structure that is involved in competitive decision-making is Maryanne Lavan, the Senior Vice President and General Counsel of Lockheed Martin. Ms. Lavan is located in Bethesda, Maryland, and is the person to whom Mr. Murray reports. I rarely have contact with Ms. Lavan.

    **e.  measures taken to isolate me from competitive decision making and to protect against he inadvertent disclosure of protected information to persons not admitted under the Protective Order.**

I am isolated from competitive decision-making by virtue of my "outpost" location in Valley Forge, coupled with my duties being limited to litigation and compliance matters. I will not discuss any protected material with anyone (specifically including my corporate supervisors and persons who work for Lockheed Martin) who is not admitted under the protective order.

I am fully aware that like outside counsel, I am bound by all pertinent official standards, including the Code of Professional Responsibility. I am a member of the bar of Pennsylvania. I represent that I am capable of safeguarding, and will safeguard, protected material produced in this case. I will not review, store, or possess protected material at my office located in Valley Forge, PA or any other Lockheed Martin facility.

The only places that I will review protected material are (a) the Washington, DC offices of McKenna, Long & Aldridge LLP under the supervision of the attorneys admitted to the protective order governing the above-referenced protest, or (b) my home in Collegeville, Pennsylvania. Any protected material sent to my home by the McKenna, Long & Aldridge attorneys admitted to the protective order shall arrive via overnight shipment. All overnight packages will be addressed to me and all protected material shall be contained in a sealed interior envelope bearing the following legend:

CONTAINS PROTECTED MATERIAL

TO BE DISCLOSED ONLY IN ACCORDANCE WITH

U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER.

TO BE OPENED ONLY BY BUCKY P. MANSUY

No one in my household is employed by Lockheed Martin or any other entity that might gain a competitive advantage from access to the material disclosed under the protective order in this protest. At the conclusion of this protest, I will return all protected material sent to my home to the McKenna, Long & Aldridge attorneys admitted to the protective order.