IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>    Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>UNITED LAUNCH SERVICES, LLC,<br><br>    Defendant-Intervenor. | Civil Action No. 14-354C<br><br>Judge: Braden |

## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Pursuant to Rule 15 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Space Exploration Technologies Corp. ("SpaceX") respectfully requests leave of the Court to file its Second Amended Complaint in the above-captioned matter.[1] SpaceX's Second Amended Complaint is necessitated by new information learned from a June 20, 2014 letter from U.S. Senator John McCain to Under Secretary of Defense Frank Kendall. Ex. 1.

---

[1] Because the Second Amended Complaint describes documents that are subject to this Court's Protective Order, SpaceX has filed it separately under seal. The additional allegations in the Second Amended Complaint are found in paragraphs 79-89 and 109-115. SpaceX has contacted Defendant and Defendant-Intervenor and was not able to obtain written consent for this motion.

1

Specifically, Senator McCain states that the Russian RD-180 engines that United Launch Alliance ("ULA")[2] purchases from NPO Energomash through its Russian middleman, RD Amross, are being sold to ULA and the United States Air Force at highly inflated prices. Senator McCain avers that he has information that ULA, and ultimately the Air Force, are buying the RD-180 engines for a price that is significantly higher than the cost at which RD Amross purchases those same engines from NPO Energomash, "resulting in the U.S. taxpayer essentially giving a Russian company" profits of "perhaps more than 200 percent." Ex. 1 at 2.

Senator McCain asks the Air Force to affirmatively establish that the prices of these Russian rocket engines are both fair and reasonable. In fact, as explained in the Second Amended Complaint, the Air Force was required by law to make this determination *prior* to awarding the December 2013 sole-source contract to ULA. Likewise, ULA was required to provide with its proposal certified cost and pricing information for itself and all of its suppliers. Based on Senator McCain's letter, it appears that ULA failed to provide certified cost and pricing data for the RD-180 engines and/or the Air Force failed to rationally assess whether it was paying a fair and reasonable price for those engines.

Had ULA complied with its legal obligation to provide certified cost and pricing data for the RD-180 engines and other rocket component parts, it would have been forced to confront the fact that at least one of its suppliers is fleecing the United States taxpayer. Had the Air Force conducted a rational cost and price analysis as required by law, it would have realized that the sole source pricing charged by ULA included exorbitant profits for ULA's Russian supplier at the expense of the American public. The Air Force would not have been able to determine that ULA's prices were fair and reasonable, and the Air Force would have rejected ULA's proposal

---

[2] ULA is the parent company of Defendant-Intervenor United Launch Services, LLC. For ease of reference, SpaceX refers here to both companies as ULA.

2

and not entered into the December 2013 sole source contract. The Air Force then would have turned to SpaceX, which offered to meet the Air Force's needs while saving *billions* of dollars for the U.S. taxpayer.

RCFC Rule 15 provides that "a party may amend its pleading [more than 21 days after service of the pleading or more than 21 days after a responsive pleading or certain motions are filed] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." RCFC 15(a)(2). The decision to grant leave to amend rests within the Court's sound discretion. *Centech Group, Inc. v. United States*, 78 Fed. Cl. 658, 659 (2007).

As the Federal Circuit has stated, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Te-Moak Bands of W. Shoshone Indians of Nevada v. United States*, 948 F.2d 1258, 1260 (Fed. Cir. 1991) (quoting Fed. R. Civ. P. 15(a)) (other citations omitted); *see also Martin v. United States*, 96 Fed. Cl. 627, 632 (2011). "In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

None of the reasons to deny leave apply here. SpaceX first learned of the above facts when it obtained a copy of Senator McCain's letter on June 20, 2014. SpaceX could not possibly have included these allegations in its earlier filed initial Complaint. Moreover, the Government

3

and ULA have not yet responded to SpaceX's Complaint and have not yet produced an Administrative Record that is remotely complete. Thus, Defendants will not be prejudiced by having to respond to the additional allegations. Indeed, the parties do not yet have a schedule for this matter and any subsequent schedule can take the additional Count IV into account.

For the reasons stated above, SpaceX respectfully requests that the Court grant its Motion for Leave to File its Second Amended Complaint.

Dated: June 25, 2014                             Respectfully submitted,

                                                                 /s/ Richard J. Vacura
                                                                 Richard J. Vacura
                                                                 MORRISON & FOERSTER LLP

Of counsel:                             1650 Tysons Blvd, Suite 400
Pablo A. Nichols                    McLean, Virginia 22102
Morrison & Foerster LLP         Telephone: 703.760.7764
425 Market St.                      Facsimile: 703.760.7777
San Francisco, CA 94105         rvacura@mofo.com
Telephone: 415.268.6653         *Counsel of Record for Plaintiff SpaceX*
Facsimile: 415.268.7522
pnichols@mofo.com


Bradley D. Wine
Tina D. Reynolds
Catherine L. Chapple
MORRISON & FOERSTER LLP
1650 Tysons Blvd, Suite 400
McLean, Virginia 22102
Telephone: 703.760.7729
Facsimile: 703.760.7777
cchapple@mofo.com

Robert Nichols
Brian Walsh
Jade Totman
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: 202.662.5328
Facsimile: 202.628.5116
rnichols@cov.com

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Motion for Leave to File a Second Amended Complaint was served on the parties this 25th day of June, 2014, via the Court's electronic filing system.

/s/ Richard J. Vacura
Richard J. Vacura