IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

|  |  |  |
|---|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | No. 14-354 C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) ) | |
| UNITED LAUNCH SERVICES, LLC, | ) ) | |
| Defendant-Intervenor. | ) ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT**

Pursuant to Rules 7 and 15 of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this response to the motion for leave to file a second amended complaint, filed by plaintiff, Space Exploration Technologies Corp. (SpaceX).  *See* ECF Doc. 72 (filed June 25, 2014) (motion for leave); ECF Doc. 73 (filed June 25, 2014) (proposed amended complaint).  As we explain below, SpaceX's motion for leave should be denied because the amendments that SpaceX is seeking to make would be futile.

SpaceX's proposed amended complaint seeks to add new challenges to contract no. FA8811-13-C-0003—a contract that the United States Air Force finalized with defendant-intervenor, United Launch Services, LLC (ULS), after 18 months of negotiations.  In particular, SpaceX wants to add allegations that the Air Force awarded this contract without conducting a proper analysis of ULS's pricing.  *See* ECF Doc. 73 ¶¶ 84–89, 110–15.  However, as detailed in the motion to dismiss we filed last week, SpaceX lacks standing to raise *any* challenge to contract no. FA8811-13-C-0003 because SpaceX is not an interested party to that contract.  *See*

Case 1:14-cv-00354-SGB   Document 80   Filed 07/09/14   Page 2 of 3

Def. Mot. Dismiss, ECF Doc. 75 (filed June 30, 2014); *see also* ULS Mot. Dismiss, ECF Doc. 76 (filed July 2, 2014).  As we explained, SpaceX knew about the Air Force's intent to award that contract and received a copy of the solicitation; to be an interested party under those circumstances, SpaceX was required to file a statement of interest in response or to lodge a protest.  *See* Def. Mot. Dismiss at 10 (citing *Digitalis Educ. Solutions, Inc. v. United States*, 664 F.3d 1380, 1384 (Fed. Cir. 2012)).  Because SpaceX failed to do either, it lost any right to challenge any aspect of the contract award.

Further, SpaceX cannot have standing to challenge the Air Force's pricing analysis because it cannot show how any errors would have caused it prejudice.  *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005) (establishing that prejudice is a necessary element of standing).  The contract was not awarded based on a price comparison; in fact, SpaceX did not even *submit* a price for the agency to consider.  Thus, SpaceX cannot show that, but for the errors it seeks to allege, it would have had a "substantial chance" of securing the contract.  *Id.*

Amending a complaint to add non-justiciable claims is a futile endeavor.  Courts have long recognized that futility is a reason to deny leave to amend a complaint.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also In re Interbank Funding Corp. Securities Litigation,* 629 F.3d 213, 218 (D.C. Cir. 2010) (noting that a trial court "may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss").  Indeed, "futile amendments should not be permitted."  *Klamath-Lake Pharm. V. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *accord Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 613-14 (9th Cir. 1993) (affirming denial of motion for leave to amend where claim "was not colorable," even in "light of the strong public policy permitting amendment").  So here.  SpaceX

-2-

should not be permitted to amend its complaint without curing the complaint's basic jurisdictional defect. *See Bradley v. Chiron Corp.,* 136 F.3d 1317, 1327 (Fed. Cir. 1998) (holding amended complaint to be futile where amendments did not cure flaws in earlier complaint).

    For these reasons, we respectfully request that the Court deny SpaceX's motion to amend its complaint.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

 s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

OF COUNSEL:

JEFFREY P. HILDEBRANT
Trial Attorney
Federal Courts Branch
U.S. Air Force Commercial Law
 and Litigation Directorate

 s/ Alexander V. Sverdlov
ALEXANDER V. SVERDLOV
MATTHEW ANDRADE
DEVIN WOLAK
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tele: (202) 307-5928
Facs: (202) 514-8624

July 9, 2014                                    Attorneys for Defendant