# United States Court of Federal Claims

SPACE EXPLORATION
TECHNOLOGIES CORP.,                                    No. 14-354-C

    Plaintiff,

v.                                                     Judge: <u>Braden</u>

THE UNITED STATES,

    Defendant,

and

UNITED LAUNCH SERVICES, LLC.

Defendant-Intervenor.

### APPLICATION FOR ACCESS TO INFORMATION UNDER
### PROTECTIVE ORDER BY EXPERT CONSULTANT OR WITNESS

1.   I, the undersigned, am a <u>Consultant</u> with <u>The Kenrich Group LLC</u> and hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2.   I have been retained by Charles J. Cooper, Cooper & Kirk PLLC and will, under the direction and control of that attorney, assist in the representation of <u>United Launch Services, LLC</u> in this proceeding.

3.   I hereby certify that I am not involved in competitive decision making as discussed in *US. Steel Corp. v. United States,* 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of any party to this proceeding or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order. Neither I nor my employer provides advice or participates in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means, for example, that neither I nor my employer provides advice concerning, or participates in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

4.   My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to the proceeding. Neither I nor any member of my immediate family holds office or a management position in any company that is a party in this proceeding or in any competitor or potential competitor of a party.

5.   I have attached the following information:

    a.      a current resume describing my education and employment experience to date;

           *See Attachment A*

    b.      a list of all clients for whom I have performed work within the two years prior to the date of this application and a brief description of the work performed;

           *See Attachment B*

    c.      a statement of the services I am expected to perform in connection with this proceeding;

           *See Attachment C*

    d.      a description of the financial interests that I, my spouse, and/or my family has in any entity that is an interested party in this proceeding or whose protected information will be reviewed; if none, I have so stated;

           *See Attachment D*

    e.      a list identifying by name of forum, case number, date, and circumstances all instances in which I have been granted admission or been denied admission to a protective order, had a protective order admission revoked, or have been found to have violated a protective order issued by an administrative or judicial tribunal; if none, I have so stated; and

           *See Attachment E*

    f.      a list of the professional associations to which I belong, including my identification numbers.

           *See Attachment F*

6.   I have read a copy of the Protective Order issued by the court in this proceeding. I will comply in all respects with all terms and conditions of that order in handling any protected information produced in connection with the proceeding. I will not disclose any protected information to any individual who has not been admitted under the Protective Order by the court.

7.   For a period of five years after the date this application is granted, I will not engage or assist in the preparation of a proposal to be submitted to any agency of the United States government for Space Launch Vehicle Services when I know or have reason to know that any party to this proceeding, or any successor entity, will be a competitor, subcontractor, or teaming member.

8.   For a period of five years after the date this application is granted, I will not engage or assist in the preparation of a proposal or submission for Space Launch Vehicle Services nor will I have any personal involvement in any such activity.

9.   I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____
Signature

September 09, 2014
Date Executed

Greg S. Bingham, Vice President____
Typed Name and Title

1919 M Street, NW Suite 620
Washington, DC 20036_____
Mailing Address

(202) 420-7682 & (202) 429-5673____
Telephone & Facsimile Number

gbingham@kenrichgroup.com_____
E-mail Address

_____
Signature

September  09, 2014
Date Executed

Charles J. Cooper,  Attorney_____
Typed Name and Title

1523 New Hampshire Avenue, NW
Washington, DC 20036_____
Mailing Address

(202) 220-9660  & (202) 220-9601___
Telephone & Facsimile Number

ccooper@cooperkirk.com_____
E-mail Address

# Application by Greg S. Bingham for Access to
## Material Under a Protective Order

Attachment A – Current resume describing my education and employment experience to date;

Attachment B – List of all clients for whom I have performed work within the 2 years prior to the date of this application, and a brief description of the work performed;

Attachment C – Statement of the services I am expected to perform in connection with this protest;

Attachment D – Description of the financial interests that I, my spouse, and/or my family has in any entity that is an interested party in this action or whose protected material will be reviewed; if none, I have so stated;

Attachment E – List identifying by name of forum, case number, date, and circumstances all instances in which I have been granted admission or been denied admission to a protective order, or had a protective order admission revoked, or been found to have violated a protective order issued by GAO or by an administrative or judicial tribunal; if none, I have so stated; and

Attachment F – Statement of the professional associations to which I belong, including membership numbers.

## ATTACHMENT A
## RESUME FOR GREG S. BINGHAM

Greg Bingham is a Vice President of The Kenrich Group LLC. He has over 28 years of experience in the field of business consulting, primarily for Government and Construction Contractors.

**Selected Industry Experience**

Clients have included corporations, partnerships and individuals; in-house and outside counsel. Greg has consulted with contractors to the U.S. government, including contractors to many different departments – Defense, Energy, State, Housing & Urban Development – as well as the National Aeronautics and Space Administration, Corp of Engineers, Department of Veterans Affairs, Agency for International Development, the General Services Administration and others. Mr. Bingham's clients have included aerospace & defense contractors, construction contractors, technology companies, professional service firms, health care providers and related insurance companies, wholesalers, retailers, and financial institutions. Greg's assistance to clients has included presenting findings and conclusions in settlement negotiations, alternate dispute resolution proceedings, deposition and at trial.

**General Government Contracting**

Mr. Bingham has assisted clients on numerous issues including: (1) analysis of cost realism, price analysis and other cost and price issues on bid protests; (2) regulatory consulting on compliance issues arising from the Cost Principles found in FAR Part 31 and the Cost Accounting Standards; (3) consulting on forensic accounting matters involving allegations of defective pricing, false claims, mischarges, improper labor charging and improper billings; (4) review or preparation of hundreds of termination settlement proposals on contracts terminated for convenience as well as assistance relating to contracts terminated for default; (5) review and preparation of claims for changed work, delay and disruption; (6) damages on "commercial" disputes arising from government contracts; (7) review or preparation of claims for lost profits and business valuations; (8) purchases made on Federal Supply Schedules, the triggering of the Price Reduction and Defective Pricing clauses, and related quantum issues; and (9) various system reviews including accounting, billing and purchasing systems. This experience has provided him with substantial knowledge of the financial, accounting and program management records and systems maintained by companies who work with the Federal Government.

**The Kenrich Group LLC**
1919 M Street NW
Suite 620
Washington, DC 20036
Tel: (202) 420-7682
Fax: (202) 429-5673
E: gbingham@kenrichgroup.com

**Professional History**
- Navigant Consulting, Inc.
  *Managing Director*
- Tucker Alan Inc.
  *Vice President*
- Peterson Consulting
  *Vice President*
- Texaco
  *Senior Engineer*

**Education**
- University of Texas at Austin
  *M.B.A.*
- University of Kentucky
  *B.S. in Electrical Engineering*

**Professional Associations**
- George Washington University
  o Adjunct Professor in Graduate School of Business
  o Teaches Pricing and Cost Issues in Government Contracts
- American Bar Association
  o Public Contract Section - Associate Member
  o Current Vice-Chair of Accounting, Cost & Pricing Committee of the Public Contract Section
  o Active member of several other Public Contract Section committees
- Association of Certified Fraud Examiners
- National Contracts Management Association

## ATTACHMENT A
## RESUME FOR GREG S. BINGHAM (CONTINUED)

**Forensic Accounting Investigations of Overbilling, Defective Pricing and False Claims**

Greg has assisted counsel on liability, damages and penalty issues on numerous matters involving allegations of over-billing, defective pricing and false claims, many of which have involved the FAR mandatory disclosure requirements including questions relating to 'credible evidence.' Some of these matters were filed under the Federal False Claims Act. He has presented the findings of his analysis to government attorneys and auditors including personnel from the Department of Justice, the Office of Inspector General of the GSA and other agencies, the Defense Contract Audit Agency, the Defense Criminal Investigative Service, the Federal Bureau of Investigation, the Department of Veterans Affairs and the Defense Logistics Agency, among others.

**Government Contract Transitions**

Greg has assisted many companies with transitions. Some examples have included: (1) transitions from no government business to contracting with the federal government; (2) transitions from sale of only "commercial items" (or "commercial services") to sales requiring more complex contractual vehicles; (3) transitions from solely fixed-price work to some cost-reimbursement contracting; (4) transition from modified CAS coverage to full CAS coverage, including preparing CAS disclosure statements; (5) complying with the Earned Value Management System requirement which are more often required of contractors involved in cost-reimbursement contracting; (6) assessing and demonstrating compliance of Material Management and Accounting Systems, including quantification of cost impacts and negotiations with government oversight personnel; and (7) various other compliance issues often relating to the internal controls and operations.

**Government Contract Terminations**

Greg has worked on hundreds of contract terminations. His services have included assisting clients with the preparation of termination settlement proposals on contracts terminated for convenience, reviewing and auditing settlement proposals prepared by lower-tier contractors and submitted for review to a prime contractor, and assisting counsel in efforts to convert a termination for default to a termination for convenience. The magnitude of matters Greg has assisted companies with has ranged from contract values worth thousands of dollars to contract values in excess of four billion dollars.

**Experience Analyzing Changed Work, Delay and Disruption**

Greg has analyzed changed work, delay and disruption on numerous matters ranging from a few hundred thousand dollars to over a billion dollars. He has assisted contractors in the preparation of requests for equitable adjustment ("REA") and claims as well as analyzing claims and REAs prepared by others. Greg is very familiar with the DCAA's Contract Audit Manual and the DCAA's audit programs used for the evaluation of various types of claims. He is very experienced in the analysis of disruption and loss of efficiency claims and has quantified the cumulative cost impact of many changes. Greg has presented his findings in hearings, settlement negotiations and alternative dispute resolution proceedings.

## ATTACHMENT A
## RESUME FOR GREG S. BINGHAM (CONTINUED)

### Economic, Damage And Accounting Analyses

Greg has consulted on projects involving calculation of lost profits, business valuations, determination and allocation of costs, and the tracing of funds in the context of data rights challenges, money laundering and in other contexts. Analyses have included study of actual and projected revenues; cost of goods; indirect costs; general and administrative expenses; taxes; discount rates; and various assets, liabilities and equity accounts. He has evaluated issues such as lost or diminished product sales and other lost revenues, loss of market share, loss of business value, losses of specific contracts, diminution of future revenue prospects, increased costs, avoided costs, fixed and variable costs, costs of capital and mitigation. Greg has utilized a variety of statistical analysis techniques in a number of circumstances. He has applied or analyzed statistical methods including random sampling, estimation, extrapolation, stratification, simple and multiple regression, and analysis of variance.

### Federal Supply Schedule Contracts

Greg has assisted contractors with various issues relating to Multiple Award Schedule contracting including the impact of the triggering of the Price Reduction and Defective Pricing clauses. He is very familiar with the audit practices of the GSA OIG. He has also investigated the commercial sales practices associated with Alliance Agreements, and analyzed the treatment of the cost of Travel Rebates. Greg has also analyzed the impact of different interpretations of the Basis of Award category of customers on the triggering of the Price Reduction and Defective Pricing clauses. He has also conducted internal control reviews of client sales practices and assisted clients in modifying their systems to better control their sales discounting. Greg's work has included the quantification of cost impacts and negotiation with government auditors and oversight personnel.

### Construction

Greg has been involved in the review and analysis of numerous construction projects. He has performed analyses to identify and quantify specific events and causes of cost growth and schedule extension. This work has included the analysis of acceleration, delay, disruption, changed scope of work, identification of parties responsible for specific construction events, and assessment of unabsorbed and extended overhead damages.

### Health Care Billing Compliance-Related Engagements

Mr. Bingham has consulted with health care providers on issues related to cost principles and federal regulations including the FAR, Federal Employees Health Benefit Acquisition Regulations and other Office of Personnel Management guidance. Issues have included the applicability of the Cost Accounting Standards, assessment of changes in cost accounting practices and the preparation and submittal of disclosure statements.

Greg assisted a supplier of durable medical equipment in its review of alleged payments to nursing homes for referrals. His work was in preparation for a disclosure to the Department of Health and Human Services, Office of Inspector General.

## ATTACHMENT A
## RESUME FOR GREG S. BINGHAM (CONTINUED)

Mr. Bingham has assisted private insurance companies in their litigation with the tobacco industry.  This assistance has included reviewing damage models, assisting counsel in responding to defendants' discovery requests and analysis of health care claims.  The health care claims analysis included the downloading, converting, evaluating and analysis of hundreds of millions of claims used by the testifying damage experts.

**Lecturing and Teaching (Post 2000)**

Greg is an Adjunct Professor in the George Washington University Graduate School of Business.  He teaches Pricing and Cost Issues in Government Contracts (MKTG 6290.20), which is required in the Masters of Government Contracts program.  Course topics include the development or evaluation of proposals relating to contract awards, requests for equitable adjustment or claims, and termination settlement proposals.  Audit and evaluation of cost or pricing data as well as other information is also addressed.

"Claims and Audits in Times of Austerity" and "Government Contracts Terminated for Convenience: Cost and Contract Administration Issues," both at the Annual World Congress of the National Contract Management Association. Washington, DC.  July 2014.

"What You Should Know About DCAA And It's Role In Dispute Resolution," Annual Program of the Board of Contract Appeals Bar Association, Washington, DC.  December 2013.

"DCAA: From the Perspective of the Construction Contractor and the Government Trial Attorney," American Bar Association Annual Meeting of the Public Contract Section. San Francisco, California. August 2013.

Moderated a panel discussion on "Expert Testimony" at meeting of the ABA Contract Claims and Disputes Resolution Committee. Washington, DC. May 2013.

"Negotiating With DCAA Following a Notice of Termination for Convenience: The Finer Points of Resolving Hot Button Disagreements over Reasonableness and Allowability." American Conference Institute's National Conference on DCAA Audits, 13 November 2012.

"Executive Compensation: The Latest on New Caps, Rules and DCAA Requirements for "Reasonableness" as part of the American Conference Institute's Government Contract Cost & Pricing Conference, 17-18 April 2012.

"Preparing for DCAA Audits under the New Business Systems Rule," American Bar Association Meeting of the Public Contract Section. Annapolis, Maryland. March 2012.

"Selected Issues in Proving Quantum," at the 50th Annual Spring Seminar of the Boston Chapter of the National Contract Management Association. Boston, MA. March 2011.

"DCAA Audits -- Strategies to Prepare and Manage Increasingly Complex and Frequent Audits." American Conference Institute's National Conference, 17 November 2010.

## ATTACHMENT A
### RESUME FOR GREG S. BINGHAM (CONTINUED)

"Adventures In Accounting: Proving Claims," addressed the Board of Contract Appeals Bar Association Annual Meeting. Washington, D.C. October 2010.

"Selected Issues in Proving Quantum," at meeting of the ABA Contract Claims and Disputes Resolution Committee.  Washington, DC. September 2010.

"Interacting With A More Active DCAA," American Bar Association Annual Meeting of the Public Contract Section. San Francisco, California. August 2010.

"Unique Pricing and Estimating Challenges faced in Change Orders, Requests for Equitable Adjustments and Claims," at Annual Government Contract Management Conference of the National Contract Management Association. Fort Lauderdale, Florida. July 2010.

"DCAA Developments: What Contractors Should Expect in 2010," at seminar hosted by DLA Piper titled Public Contracting In A Global Market. Washington, DC. December 2009.

"Oversight of Contractors after a Disaster with Respect to Fraud and False Claims Issues," Panel Discussion at ABA Meeting in New Orleans, May 2009 and again as a Teleconference in September 2009.

"Cost Issues After Terminations for Convenience," Federal Publications, Inc. Washington, DC area. June 2013 as well as previous years.

"Implications for Contractors of the Decision in Daewoo Eng'g & Constr. Co. v. United States," Panel Discussion hosted by the Federal Circuit Bar Association. Washington, DC. April 2009.

"Going for Compliance? More Contractor Costs and Risks," American Bar Association Meeting of the Public Contract Section. Annapolis, Maryland. March 2009.

"Managing Risks of Potential Government Contract False Claims," at the 27th Annual Government Contract Management Conference of the National Contract Management Association.  Rockville, Maryland. November 2008.

"Commercial Item Disputes," at joint meeting of the ABA Contract Claims and Disputes Resolution Committee and the Commercial Products and Services Committee.  Washington, DC. October 2008.

"Quantitative Methods in Proposals and How These Methods Fare at GAO," at meeting of the ABA Bid Protest committee. Washington, DC. May 2008.

"Sarbanes-Oxley: Impact on Government Contractors," University of Minnesota 42nd Annual National Seminar on Government Contracts, October 2003.

"Recent Cost & Pricing Developments At The Court Of Appeals For The Federal Circuit," American Bar Association Annual Meeting of the Public Contract Section, August 2003.

## ATTACHMENT A
## RESUME FOR GREG S. BINGHAM (CONTINUED)

**Publications**

"BACK TO BASICS:  As The Pendulum Shifts To More Fixed Price Contracts, Be Prepared For More Contract Changes and Know How To Price Them," By Greg Bingham, Cheryl LeeVan And David Hall, American Bar Association Annual Meeting Of The Public Contract Section, August 2010.

Advisory Board Member of "Government Contracts Costs, Pricing and Accounting Report", Published by Thompson West.

"Costs of Mandatory Ethics and Compliance Programs" by John T. Jones of General Dynamics C4 Systems, Inc. and Greg Bingham, 21 January 2009.

*Of Counsel Interview* of Mr. Bingham relating to Efficiently Conducting Investigations – "Litigation Consultant Offers This to Law Firms: Communicate and Provide Access to Clients" Aspen Publishers Vol. 27, No. 10 October 2008.

"Managing Risks Of Potential Government Contract And Construction False Claims," by Avram S. Tucker and Greg S. Bingham.  Presented at American Bar Association Public Contract Section March 2007 meeting in Annapolis, MD.

"Administering Subcontracts After A Termination for Convenience" (Briefing Papers, No. 04-4 March 2004), by Patricia Meagher and Greg Bingham.

"Recent Cost & Pricing Developments At The Court Of Appeals For The Federal Circuit," American Bar Association Annual Meeting of the Public Contract Section, August 2003.

"Pricing Changes," Chapter 9 in *Program and Contract Changes*, National Contract Management Association, January 1996.

"Issues Relating to Contract Terminations on Federal Contracts," February 1994.

## ATTACHMENT B
### CLIENTS LIST FOR GREG S. BINGHAM

| CLIENT | DESCRIPTION OF WORK PERFORMED |
|---|---|
| Arnold & Porter *[Smithsonian Institution]* | Analyze damages issues. |
| BAE Systems Land & Armaments L.P | Analyzed payment and other accounting information relating to subcontractor payment issues. |
| Barnes & Thornburg LLP *[Allison Transmission]* | Analyze CAS issues. |
| Bechtel National, Inc. | Analyzed the cost of changed work relating to a government contract. |
| BlueCross BlueShield of Tennessee | Analyzed issues relating to incurred cost proposals. |
| Cooley LLP *[Orbital Sciences Corporation]* | Analyze cost issues on terminated contract. |
| Denton *[Hybrid Air Vehicles]* | Analyze cost and termination issues. |
| Dickstein Shapiro LLP *[Wyle, Inc.]* | Analyze cost issues in a bid protest. |
| FD Stonewater Lynxs Group Joint Venture | Analyze requirements for certified cost and pricing data related to a contract with the GSA. |
| Fox Rothschild LLP *[L.C. Gaskins Construction Co.]* | Analyze contract termination cost issues for a dispute. |
| Gdanski & Gdanski, LLP *[Zafer Construction]* | Analyze various construction claim, government contract regulatory and termination issues. |

**ATTACHMENT B (CONTINUED)**
**CLIENTS LIST FOR GREG S. BINGHAM**

| CLIENT | DESCRIPTION OF WORK PERFORMED |
|---|---|
| Harvey-Cleary | Review price analysis and cost and pricing data for submission to the Government. |
| Gibson Dunn *[Aetna Government Health Plans]* | Analyze termination issues. |
| Gibson Dunn *[Blue Cross Blue Shield of Tennessee]* | Analyze termination issues. |
| Gibson Dunn *[KBR, Inc.]* | Analyze costs invoiced to the Government for construction. |
| Goodwin Procter LLP *[Jorge Scientific Corporation]* | Review time keeping and payroll records related to an internal investigation. |
| HP Enterprise Services | Review price analysis and cost or pricing data. |
| Hughes Hubbard & Reed LLP *[Huntington Ingalls Industries]* | Internal investigation regarding labor costs. |
| Hinckley, Allen & Snyder LLP *[Massachusetts Bay Commuter Railroad Company]* | Analyze cost issues for a bid protest. |
| Jenner & Block LLP *[Gulfstream]* | Analyze cost of changed work, delay, and disruption. |
| Jenner & Block LLP *[L-3 Communications Systems West]* | Analyze accounting and estimating issues for request for equitable adjustment. |

## ATTACHMENT B (CONTINUED)
## CLIENTS LIST FOR GREG S. BINGHAM

| CLIENT | DESCRIPTION OF WORK PERFORMED |
| --- | --- |
| Microsoft Corporation | Provide consulting services related to timekeeping investigation. |
| Morrison Cohen *[Wyle Services Corporation]* | Analyze compliance and damages issues. |
| Moye, O'Brien, Pickert & Dillon *[Kiewit]* | Analyze FAR compliance issues. |
| Northrop Grumman Corporation | Analyze cost of subcontractor changed work, delay, and disruption. |
| Pargament & Hallowell *[First Choice Professionals, LLC Joint Venture]* | Analyze accounting records of joint venture partner. |
| Pargament & Hallowell *[InfoTek Corporation]* | Analyze damages issues for a dispute. |
| Pargament & Hallowell *[Suh'dutsing]* | Consulting on contract termination issues. |
| Perkins Coie LLP *[Harris IT Services Corporation]* | Provide expert accounting analysis services as part of a bid protest. |
| Perkins Coie LLP *[Recon International Group, Inc.]* | Analyze delay and cost of delay. |
| Piliero Mazza PLLC *[Nova Technologies]* | Analyze damages issues. |
| Pillsbury Winthrop Shaw Pittman LLP *[KeyW Corporation]* | Analyze damages issues. |

## ATTACHMENT B (CONTINUED)
## CLIENTS LIST FOR GREG S. BINGHAM

| CLIENT | DESCRIPTION OF WORK PERFORMED |
|---|---|
| Richmond Breslin LLP [CenterPoint Zimmer LLC] | Analyze changed work, delay, and disruption for request for equitable adjustment. |
| Schlam Stone & Dolan LLP [Supreme Foodservice Gmbh] | Analysis of pricing issues for arbitration. |
| Skanska USA Civil Southwest, Inc. | Analyze cost issues for preparation of a request for equitable adjustment for changed work, delay and disruption. |
| Smith Pachter McWhorter PLC [Fluor] | Analyze cost of changed work, delay, and disruption. |
| Thompson Hine LLP [Henderson/Miles McClellan JV1, LLC] | Analyze impact of delay. |
| Thompson Hine LLP [Lion Apparel] | Analyze cost and pricing issues on a GSA schedule contract. |
| Watt, Tieder, Hoffar & Fitzgerald, LLP [Black and Veatch Special Projects Corp] | Analyze CAS issues. |
| Watt, Tieder, Hoffar & Fitzgerald, LLP [The Louis Berger Group, Inc. / Black and Veatch Special Projects Corp] | Two engagements: (1) Provided consulting service on termination issues. (2) Analyzed cost issues stemming from a DCAA incurred cost audit. |

## ATTACHMENT B (CONTINUED)
## CLIENTS LIST FOR GREG S. BINGHAM

| CLIENT | DESCRIPTION OF WORK PERFORMED |
| --- | --- |
| Watt, Tieder, Hoffar & Fitzgerald, LLP *[Industria Paschen Joint Venture]* | Analyze cost issues relating to profit and ownership for a joint venture. |
| Watt, Tieder, Hoffar & Fitzgerald, LLP *[Sunrise VA Medical LLC]* | Analyze cost issues relating to DCAA audit of claim and participate in mediation. |
| Watt, Tieder, Hoffar & Fitzgerald, LLP *[URS]* | Analyze incurred costs and cost estimates on a Government contract. |
| Wiley Rein LLP *[Supreme Group (USA), LLC]* | Analysis of cost and pricing issues relating to a claim before the ASBCA. |
| Williams Lea | Provide consulting services related to Federal Acquisition Regulations. |
| Williams & Connolly *[AM General]* | Analyze damages on a prime vs. subcontractor dispute. |
| Williams Mullen *[BAE Systems - Norfolk Ship Repair Inc.]* | Analyze cost issues on a bid protest |
| WilmerHale *[URS]* | Analyze cost of changed work, delay, and disruption. |
| Winston & Strawn *[Northrop Grumman]* | Cost tracing for data rights challenge. |
| Wittie, Letsche & Waldo, LLC *[Sullivan International Group, Inc.]* | Analyze cost issues relating to a DCAA audit. |

## ATTACHMENT C
## STATEMENT OF SERVICES

I have been retained to assist outside counsel for United Launch Services, LLC with respect to bid protest proceedings. My assistance is expected to include the review and analysis of proposal and evaluation materials, including cost or pricing data, and other documents related to the contract, and to provide findings and opinions to counsel related to cost and pricing issues in the bid protest.

## ATTACHMENT D
## SUMMARY OF RELEVANT FINANCIAL INTERESTS FOR GREG S. BINGHAM

I, Greg S. Bingham, and my family, do not hold financial interests in any entity that is an interested party in this action or whose protected material will be reviewed. This statement does not pertain to mutual funds or other financial vehicles, which may be held by me or my family, for which the owner does not have control over individual purchases of securities.

## ATTACHMENT E
## PROTECTIVE ORDER HISTORY FOR GREG S. BINGHAM

In late 1999, I, Greg S. Bingham signed an application for access to material subject to a protective order to provide consulting services to assist Lockheed Martin Corporation in a dispute with its subcontractor ReCon/Optical Inc.  See Recon/Optical, Inc. v. Lockheed Martin Corporation, Case No.: 1:99CV00364 – RWR, United States District Court for the District of Columbia.  My application was not challenged or denied.  I received access to materials subject to the protective order.

In the second half of 2000, I, Greg S. Bingham signed an application for access to material subject to a protective order to provide consulting services to assist Florida Power & Light Company and other utilities in a dispute with the U.S. Department of Energy. See Florida Power & Light Co., et al., v. The United States, No. 96-644C, United States Court of Federal Claims. My application was not challenged or denied.  I received access to materials subject to the protective order.

In September 2003, I, Greg S. Bingham signed an application for access to material subject to a protective order issued by GAO to provide consulting services to assist Aetna Government Health Plans LLC in a bid protest.  The bid protest was in connection with Solicitation No. MDA906-02-R-006 issued by TRICARE Management Activity and resulting award of Contract No. MDA906-03-C-0011 to Health Net Federal Systems ("HealthNet").  My application was not challenged or denied.  I received access to materials subject to the protective order.

In October 2003, I, Greg S. Bingham signed an application for access to material subject to a protective order issued by GAO to provide consulting services to assist Electronic Data Systems Information Service L.L.C. in a bid protest.  The bid protest was GAO file numbers B-292836.1 and .2.  My application was not challenged or denied.  I received access to materials subject to the protective order.

In late 2005, I, Greg S. Bingham signed an application for access to material subject to a protective order to provide consulting services to assist Northrop Grumman Systems Corporation in a dispute with Siemens AG, Siemens France, and Mannesmann Dematic Services NV.  See International Court Of Arbitration, International Chamber Of Commerce, ICC Case N°13772/EC.  My application was not challenged or denied.  I received access to materials subject to the protective order.

In early 2008, I, Greg S. Bingham signed an application for access to material subject to a protective order to provide consulting services to assist Envirocon, Inc. in a dispute with Brookhaven Science Associates, LLC.  See Case No. CV 06 3137 (TCP/MLO), United States District Court for the Eastern District of New York.  My application was not challenged or denied.  I received access to materials subject to the protective order.

## ATTACHMENT E
### PROTECTIVE ORDER HISTORY FOR GREG S. BINGHAM (CONTINUED)

In October 2008, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Medical Development Internal, LTD with their dispute against John W. Longfield-Smith et al.  See Case No. CA06-17 Division 55, The Circuit Court, Seventh Judicial Circuit, in and for St. John's county Florida.  I received access to materials subject to the protective order.

In November 2008, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Safenet Inc., with their dispute against L-3 Communications Corporation, Index No. 601686/06 (IAS Part 56), Supreme Court of the State of New York, County of New York.  I received access to materials subject to the protective order.

In November 2008, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Honeywell Technology Solutions, Inc. with a GAO bid protest, File Number B-400771.  I received access to materials subject to the protective order.

In February 2009, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Orbital Sciences Corporation with a GAO bid protest, File Number B-401016.  I received access to materials subject to the protective order.

In March 2009, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Palmetto GBA, LLC with a GAO bid protest, File Number B-401068.  I received access to materials subject to the protective order.

In August 2009, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist UnitedHealth Military & Veterans Services, LLC with a GAO bid protest, File Number B-401652.2.  I received access to materials subject to the protective order.

In November 2009, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Cirrus Design Corporation in its dispute against L-3 Communications Avionics, Civ. No. 09-1405 (PJS/RLE), pending in the United States District Court for the District of Minnesota.  I received access to materials subject to the protective order.

In March 2010, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist BAE Systems with a GAO bid protest, File Number B-402567.  I received access to materials subject to the protective order.

## Attachment E
### Protective Order History For Greg S. Bingham (continued)

In May 2010, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Sun Microsystems, Inc, with their dispute against the United States of America ex rel. Norman Rille and Neal Roberts. See Civil action 4:04CV00986 WRW in the United States District Court For the Eastern District of Arkansas Western Division. I received access to materials subject to the protective order.

In May 2010, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist BAE Systems with a GAO bid protest, File Number B-402772. I received access to materials subject to the protective order.

In August 2010, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Metron Aviation with a bid protest, ODRA Docket No: 10-ODRA-00538. I received access to materials subject to the protective order.

In November 2010 and August 2011, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Computer Sciences Corporation with their dispute before the Armed Service Board of Contract Appeals ASBCA No. 56162-56176. I received access to materials subject to the protective order.

In September 2011, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Fluor Intercontinental Inc., with their GAO bid protest. See GAO bid protest File No. B-405522. I received access to materials subject to the protective order.

In March 2012, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Northrop Grumman Systems Corporation, with their GAO bid protest. See GAO bid protest File No. B-406411. I received access to materials subject to the protective order.

In July 2012, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist Linc Government Services, LLC, with their GAO bid protest. See GAO bid protest File No. B-406591.3. I received access to materials subject to the protective order.

In October 2012, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist InfoTek Corporation, with their dispute against the ProObject, Inc. See Civil action 02-C-11-163409 in the State Of Maryland Circuit Court For Anne Arundel County. I received access to materials subject to the protective order.

ATTACHMENT E
PROTECTIVE ORDER HISTORY FOR GREG S. BINGHAM (CONTINUED)

In June 2013, I, Greg S. Bingham signed an application for access to materials subject to a protective order to provide consulting services to assist AM General LLC with their contract dispute with Demmer Corporation.  See United States District Court Northern District Of Indiana South Bend Division Cause No. 3:12-CV-00333-WCL-CAN. I received access to materials subject to the protective order.

In July 2013, I, Greg S. Bingham, signed an application for access to materials subject to a protective order to provide consulting services to assist Harris IT Services Corporation with a bid protest. See GAO bid protest File Number B-408546.2.  I received access to materials subject to the protective order.

In February 2014, I, Greg S. Bingham, signed an application for access to materials subject to a protective order to provide consulting services to assist Wyle Inc. and Wyle Services Corporation with their contract dispute with ITT Corporation, Exelis Inc., and Xylem Inc. See Supreme Court Of The State Of New York County Of New York: Commercial Division Index No. 653465/2011. I received access to materials subject to the protective order.

In March 2014, I, Greg S. Bingham, signed an application for access to materials subject to a protective order to provide consulting services to assist Gulfstream Aerospace Corporation with their contract dispute with Spirit AeroSystems Inc. See American Arbitration Association International Centre For Dispute Resolution Case No. 50 132 T 00779 13. I received access to materials subject to the protective order.

I have never been denied admission to a protective order, had a protective order revoked, or been found to have violated a protective order by the U.S. Court of Federal Claims, the Government Accountability Office, the General Services Administration, a Board of Contract Appeals, or by any other administrative or judicial forum.

## ATTACHMENT F
### PROFESSIONAL ASSOCIATION SUMMARY FOR GREG S. BINGHAM

| PROFESSIONAL ASSOCIATION | MEMBERSHIP NUMBER |
|---|---|
| American Bar Association<br>• Associate Member: Public Contract Section<br>• Current Vice-Chair of the Accounting, Cost & Pricing Committee and active in several other committees | 98973848PY |
| Association of Certified Fraud Examiners | 83456 |
| National Contract Management Association | 055083 |